TROUTMAN PEPPER
HAMILTON SANDERS LLP
Jessica Lohr, Bar No. 302348
jessica.lohr@troutman.com
5 Park Plaza, Suite 1400
San Diego, CA 92614
Telephone: 858.509.6044
Facsimile: 858.509.6040

Attorneys for Defendant
CORELOGIC RENTAL PROPERTY
SOLUTIONS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIDGETT PALMER, as an individual,<br><br>Plaintiff,<br><br>v.<br><br>CORELOGIC RENTAL PROPERTY SOLUTIONS LLC., a Foreign Corporation; and DOES 1-10 inclusive,<br><br>Defendants. | Case No. 8:20-cv-02218-JLS-KES<br><br>**DEFENDANT CORELOGIC RENTAL PROPERTY SOLUTIONS, LLC'S ANSWER TO THE COMPLAINT** |

Defendant, CoreLogic Rental Property Solutions, LLC ("RPS"), by counsel, submits the following Answer to Plaintiff's Complaint ("Complaint").

RPS denies, generally and specifically, any and all allegations in the Complaint not specifically admitted in the paragraphs below. RPS further states that its investigation of the present matter is ongoing. Accordingly, RPS reserves the right to amend this Answer. RPS denies any and all allegations contained in the headings and/or unnumbered paragraphs in the Complaint. RPS further denies that it has been properly named as the Defendant in this case.

In response to the separately numbered paragraphs in the Complaint, RPS states as follows:

///

## NATURE OF THE ACTION

1. RPS admits it can provide tenant screening reports to its prospective landlord clients. RPS denies that its principal place of business is in Irvine, California. The remaining allegations state legal conclusions, to which no response is required. To the extent that the remaining allegations in paragraph 1 are contrary to law, they are denied.

2. The allegations in paragraph 2 of the Complaint state legal conclusions, to which no response is required. To the extent that the allegations in paragraph 2 are contrary to law, they are denied.

3. The allegations in paragraph 3 of the Complaint state legal conclusions, to which no response is required. To the extent that the allegations in paragraph 3 are contrary to law, they are denied.

4. RPS denies the allegations in paragraph 4 of the Complaint.

5. RPS denies the allegations in paragraph 5 of the Complaint.

6. RPS lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint and, therefore, denies the same.

7. RPS denies the allegations in paragraph 7 of the Complaint.

8. RPS denies lacks information sufficient to form a belief as to whether Plaintiff applied for housing in Chicago, Illinois on or about June 3, 2019 and, therefore, denies the same. RPS denies the remaining allegations in paragraph 8 of the Complaint.

9. RPS denies the allegations in paragraph 9 of the Complaint.

10. RPS lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and, therefore, denies the same.

///

///

11. RPS lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and, therefore, denies the same.

12. RPS denies the allegations in paragraph 12 of the Complaint.

13. RPS lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and, therefore, denies the same.

14. The allegations in the first sentence of paragraph 14 of the Complaint state legal conclusions, to which no response is required. To the extent that the allegations in the first sentence of paragraph 14 are contrary to law, they are denied. The allegations in the third sentence of paragraph 14 of the Complaint refer to documents. RPS denies the allegations in the third sentence of paragraph 14 to the extent those allegations are inconsistent with the documents. RPS denies the remaining allegations in paragraph 14 of the Complaint.

15. RPS denies the allegations in paragraph 16 of the Complaint.

16. RPS denies the allegations in paragraph 16 of the Complaint.

## FIRST CAUSE OF ACTION

**(Violation of 15 U.S.C. §1681e(b) against Defendant and Does 1-10)**

17. In response to the allegations contained in paragraph 17 of the Complaint, RPS incorporates and re-asserts the responses in the foregoing paragraphs as if fully stated herein.

18. RPS denies the allegations in paragraph 18 of the Complaint.

19. RPS denies the allegations in paragraph 19 of the Complaint.

20. RPS denies the allegations in paragraph 20 of the Complaint.

21. RPS denies the allegations in paragraph 21 of the Complaint.

///
///
///

## SECOND CAUSE OF ACTION

### (Violation of 15 U.S.C. §1681g(a) against Defendant and Does 1-10)

22. In response to the allegations contained in paragraph 22 of the Complaint, RPS incorporates and re-asserts the responses in the foregoing paragraphs as if fully stated herein.

23. RPS denies the allegations in paragraph 23 of the Complaint.

24. RPS denies the allegations in paragraph 24 of the Complaint.

25. RPS denies the allegations in paragraph 25 of the Complaint.

26. RPS denies the allegations in paragraph 26 of the Complaint.

## PRAYER FOR RELIEF

RPS denies the allegations contained in the WHEREFORE clause immediately following Paragraph 26 of the Complaint, including the allegations in subparagraphs (a) through (f), and denies Plaintiff is entitled to the requested relief and/or judgments. RPS denies each and every allegation not expressly admitted herein.

## JURY TRIAL DEMAND

RPS acknowledges that Plaintiff demands a trial by jury. RPS denies Plaintiff is entitled to a trial by jury.

## AFFIRMATIVE AND OTHER DEFENSES

RPS hereby sets forth the following affirmative defenses to the Complaint.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Plaintiff's claims fail to the extent that the Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against RPS and fails to state facts sufficient to entitle Plaintiff to the relief sought.

///

///

///

## SECOND AFFIRMATIVE DEFENSE
### (Truth/Accuracy of Information)

Plaintiff's claims fail to the extent that they are barred because all information communicated to any third person was accurate and/or complete and up to date.

## THIRD AFFIRMATIVE DEFENSE
### (Intervening Superseding Cause)

Plaintiff's claims fail to the extent that Plaintiff's purported damages were the result of acts or omissions of third persons over whom RPS had neither control nor responsibility.

## FOURTH AFFIRMATIVE DEFENSE
### (Proximate Cause)

Plaintiff's claims fail to the extent that Plaintiff's purported damages were the direct and proximate result of the conduct of Plaintiff or others.

## FIFTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to mitigate her alleged damages.

## SIXTH AFFIRMATIVE DEFENSE
### (Punitive Damages)

Plaintiff claim for punitive damages fails to the extent that the Complaint states no facts in support of a claim for punitive damages.

## SEVENTH AFFIRMATIVE DEFENSE
### (Excessive Award)

Plaintiff cannot recover from RPS for punitive or statutory damages on the grounds that any award of punitive or statutory damages would be impermissible under the Due Process Clause of the Fifth Amendment to the United States Constitution, and the Excessive Fines Clause of the Eighth Amendment to the

United States Constitution, due to the lack of any actual damages suffered by Plaintiff and the gross disparity between the allegations of harm and the size of the claim. Stating further, any award of punitive or statutory damages would violate the constitutional standards enunciated in cases such as *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559 (1996), and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

## **EIGHTH AFFIRMATIVE DEFENSE**
### **(Standing)**

The Complaint is barred, in whole or in part, to the extent that Plaintiff lacks Constitutional and/or statutory standing, including due to the failure to assert an injury that is concrete and/or particularized.

## **NINTH AFFIRMATIVE DEFENSE**
### **(Statute of Limitations)**

Plaintiff's Complaint fails to the extent that it is barred by the applicable statute of limitations.

## **TENTH AFFIRMATIVE DEFENSE**
### **(Right to Additional Defenses)**

RPS reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant, CoreLogic Rental Property Solutions, LLC, requests the Court enter an order: (1) dismissing the Complaint with prejudice; (2) awarding RPS its costs and expenses; and (3) awarding RPS such other and further relief as the Court may deem proper.

///
///
///
///

Dated: December 21, 2020

TROUTMAN PEPPER HAMILTON SANDERS LLP

By: /s/ *Jessica Lohr*
Jessica Lohr

Attorneys for Defendant
CORELOGIC RENTAL PROPERTY SOLUTIONS, LLC

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on December 21, 2020, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5-3.

*/s/ Jessica R. Lohr*
Jessica R. Lohr

111970218